UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-5964-DMG (JEMx)** | Date | July 27, 2021 |
|---|---|---|---|

| Title | ***Pamela Danni v. Catalina Channel Express, Inc., et al.*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

|  KANE TIEN  |  NOT REPORTED  |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION
SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY
SUPERIOR COURT FOR LACK OF SUBJECT MATTER
JURISDICTION**

On July 23, 2021, Plaintiff Pamela Danni filed a Complaint against Defendant Catalina Channel Express, Inc. and Greg Edmund Bombard asserting one claim of negligence for injuries she sustained on a ramp while attempting to board Defendants' ferry at the Port of Long Beach. [Doc. # 1.]  Danni asserts that this Court has jurisdiction over the case pursuant to 28 U.S.C. section 1331, which provides for jurisdiction over federal questions, and 28 U.S.C. section 1333, which provides for jurisdiction over any civil case of admiralty or maritime jurisdiction.

To determine if maritime law applies to a tort claim and confers jurisdiction under 28 U.S.C. section 1333, the Court must determine "whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water" and whether there is a "nexus to maritime activity."  *Adamson v. Port of Bellingham*, 907 F.3d 1122, 1126 (9th Cir. 2018) (citation and internal quotation marks omitted).  For purposes of maritime law, "[p]iers and docks [have been] consistently deemed extensions of land; injuries inflicted to or on them were held not compensable under the maritime law."  *Id.* (quoting *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 206-07 (1971)).  But gangplanks attached to vessels are deemed to have occurred on navigable waters, and thus injuries suffered on gangplanks are covered by maritime law.  *Id.*

The Complaint does not clearly state that Danni sustained her injuries on a ramp or gangplank attached to a vessel.  The Complaint describes the "Catalina Express boarding ramp" on which Danni fell as "*leading* to the Catalina Express vessel," and "at the end of the ramp . . . it connects to the dock."  Compl. at ¶ 16 (emphasis added).  She allegedly fell and sustained injuries at "the large dip at the transition point from the Subject Ramp to the dock."  *Id.* at ¶ 17. It is unclear, from this language, that the ramp was attached to Defendants' ferry such that Danni's fall occurred on navigable waters for the purposes of maritime law.  Furthermore,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-5964-DMG (JEMx) | Date | July 27, 2021 |
|---|---|---|---|

| Title | *Pamela Danni v. Catalina Channel Express, Inc., et al.* | Page | 2 of 2 |
|---|---|---|---|

because no other federal question is alleged and the parties are all citizens of California, the Court does not have jurisdiction under 28 U.S.C. sections 1331 or 1332.

Accordingly, Danni is hereby **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of subject matter jurisdiction.  She shall file her response by no later than **August 4, 2021**.  Failure to timely respond will result in dismissal of the action, without prejudice.

**IT IS SO ORDERED.**